OPINION of the Court, by
Judge Logan,
-This is a suit by persons of color for their freedom.
*306 By an act of the Virginia Legislature, passed in 1773, J"ar fireventing l'le further importation of slaves into that commonwealth, it is enacted, that from the passage thereof, no slave shall be imported into the said tom-monwealth. And the 3d section declares, “ that every sjave imported into the commonwealth, contrary to the true intent and meaning or the act, snail upon such importation become free,”
„ prúv¡pe(j ai7Va^s that this act shall not be constru- , . J ’ , ... ,. ed to extend to those tvno may indine to remove Iron» any of the United States, and become citizens of this, provided that within ten days after their removal into the same thev take the following oath before some magistrate ol this commonwealth : I. A. B. do swear, that my removal to the state of Virginia, was. with no intention to evade the act for preventing the further importation of slaves within this commonwealth, nor have I brought with me, or -will cause to be brought, any' slaves, with an intent of selling them, nor have any oí the slaves now in mv possession been imported from Africa, or any of the West India Islands, since the first day of November, 17 78.”
“ Provided also, and be it further enacted, that this act shall not he construed to extend to persons claiming slaves by descent, devise, or marriage, or to any citizens of this commonwealth, being now the actual owners and pi oprietors of slaves residing or being in any ot the United Smuts and removing such slaves into this common wealth.”
Speaks, the appellant, removed from the state of Mart land to Kentucky, in 1785, and claims the appellees as slaves by marriage : but having failed to take the oath required bv law, the appellees instituted this suit in 1808, resting their right to recover on the provisions of the said act,
It was contended oa the part of the appellant, that the law does not apply to the case under consideration, as he claims by marriage.
And for the appellee it was contended, that this proviso applied only to citizens of Virginia, who claimed slaves out of that commonwealth, by descent, devise or marriage.
In support of the construction of the act relied on by the appellant, the following considerations seem t« claim attention.
*307 1st. Thai the act, as /; •ccti (which not only annexes the forfeiture of the slave for its vVation, but also the penalty of £. 1000) ought to be tonstnted strictly, and that by a strict constitution of the act it does not embrace persons claiming K m-nr.acc , bat as the appellant claims by marriage, that therefore the act does not extend to him.
2d. That the object of the law was to guard against the rapid and alarming1 increase of slaves in Virginia, by their importation from other states for the purpose of sale , providing, however, that those held by descent, devise or marriage, should not come within the prohibition of the act, from a presumption that such slaves, whether imported by a citizen of Virginia, or by a person removing into that state, were not taken ¡here for the special purpose of sale. And as the penalty of the law operated alike on citizens and person. residing elsewhere, so its general and indiscriminate saving should be extended to both descriptions of pe* te ns. Toat the presumption was equally strong that citiz-ns of Virginia, claiming slaves out of the commonwealth, by descent, devise or marriage, would import them into that state for sale, as that persons residing in other states churning by descent, devise or marriage,, would remove them into Virginia for the purpose, of selling..
dd, Another consideration, from a careful examination of the act, seenss entitled to weight. It is provided, that the act shall not be construed to extend to citizens of Virginia being then the actual owners of slaves in any of the United States. Now if the other clause in this proviso had been intended as applying to citizens only ot Virginia, there is much room to doubt, whether, instead of declaring that the act should not be construed to extend to persons claiming by descent, devise or marriage, it would not rather have succeeded the provision that it should not be construed to extend to citizens of the commonwealth being at that time the owners of slaves in any of the United Stales, by adding the clear and unequivocal words, or who claim by descent, devise or marriage, So that this proviso in the act would have stood thus, that the act shall not be construed to extend to citizens of Virginia, being now the owners of slaves m any of the United States, and who may remove *308 such slaves into the said commonwealth, or who claim by descent, devise or marriage.
But instead of such an explicit mode of expression, confined to citizens only ©f Virginia, the act has adopted tbw more contprehi nsive one applying literally as well to persons of other states as to those of Virginia.
For the appellees, the following reasons seem proper for consideration.
1st. That the act having provided generally against the importation of slaves into Virginia, made the exception in favor of those wishing to remove from any of the United States, and become citizens of Virginia, “ provided, that within ten days after their removal into the same,” they took the oath prescribed by the act.
By this exception in favor of emigrants, they were permitted to bring with them slaves into Virginia, provided they were not brought with an intention to sell. But the exception being limited to nonresidents who might remove to Virginia, it would not embrace the case of a citizen claiming slaves out of the state, although acquired by descent, devise or marriage, or slaves out of the state who were at that time the property of citizens of Virginia. And vet the removal of those slaves, acquired in eitheir of the ways mentioned, to Virginia, where the owners resided, ought not to be presumed to be removed for the mere purpose of sale ; and that the act intended to provide for such cases.
2d. That the legislature intended to provide tor citizens of Virginia only by the second proviso ; because bv the first proviso nonresidents wishing to remove to Virginia, and to bring with théfm their slaves, not with an intent to sell, were excepted in the. act; and as the evidence of a better intention, the law required the oath. Now that a second'provision should be made in the same act for nonresidents claiming by descent, devise or marriage,' wouldAave been an unnecessary proviso, unless it was intended for the negligent, and those 'inattentive to the laws of the country.
Upon the most mature consideration of the case, we are of opinion, that the act having provided against the importation of slaves, either by citizens or persons residing elsewhere ; and then made an exception in favor, of persons claiming, by descent, devise or marriage, that *309 it would be' to indulge too freely to stck. a limited meaning for the act, and confine the operation of its /m?-'¡ns') to one description of persons only, whilst its prohibitory clause operated on ail, when this privies is m terms applicable to all persons, and a meaning- too by no means irrational or absurd m-iv be supposed to have induced the legislature to exempt all persons claiming by descent, devise or marriage, presuming slaves thus held were not generally for sale. But however nr.icii the con witness of this view ot the law migui be questioned, were we permitted to assume a nt i •? extended course of construction ; yet, considering the act as a penal one, to be construed ' strict/.y, we are of opinion that the appellant having shewn that his claim is within its general exception, that his case ought not to, be forced within its penalty.
Judgment reversed.